Henry Gabathuler
Peter T Busch
LEASON ELLIS LLP
One Barker Avenue
Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOURISON INDUSTRIES, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>WELL WOVEN, INC., ADEM OGUNC, and DOES 1-10,<br><br>*Defendants*. | Civil Action No. 2:18-cv-12792<br><br>ECF Case<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Nourison Industries, Inc. ("Nourison" or "Plaintiff"), by and through its attorneys, for its Complaint against Defendant Well Woven, Inc. ("Well Woven"), Defendant Adem Ogunc ("Ogunc"), and Does 1-10 (collectively "Defendants"), on personal knowledge as to Nourison's own activities and on information and belief as to the activities of Defendants, allege the following:

**NATURE OF ACTION**

1. This is a civil action for (i) willful copyright infringement in violation of 17 U.S.C. § 101 *et seq.*, and (ii) vicarious and/or contributory copyright infringement under federal common law. This lawsuit seeks damages and injunctive relief to restrain Defendants from "knocking off" Nourison's product designs, by selling rugs which are essentially identical to the designs of Nourison, which are protected by copyright. Unless Defendants are enjoined from further copying

and misappropriation of Nourison's products and goodwill, Nourison will suffer substantial ongoing and irreparable harm.

## THE PARTIES

1. Plaintiff Nourison Industries, Inc. is a corporation organized and existing under the laws of New York, with its principal place of business at 5 Sampson Street, Saddle Brook, New Jersey 07633.

2. Upon information and belief, Defendant Well Woven, Inc. is a company organized and existing under the laws of New Jersey, with its principal place of business at 5 Dwight Place, Fairfield, NJ, 07004.

3. Upon information and belief, Defendant Adem Ogunc is an individual residing at 375 Undercliff Avenue, Apt. 5, Edgewater, NJ 07020-1242, and is the owner and founder of Well Woven.

4. Currently, the names and identities of Does 1-10 are unknown to Plaintiff. Plaintiff reasonably believes that Defendants have information in its possession, custody, and control that can be used to identify Does 1-10. Plaintiff reserves its rights to timely seek leave of the court to amend this pleading upon ascertaining the true names and identities of Does 1-10.

## JURISDICTION

5. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. §§1331 and 1338 with respect to the claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq*.

6. This Court has personal jurisdiction over Defendants because (1) Defendants have committed, and continue to commit, acts of infringement in the District of New Jersey through solicitation of business, advertising and sale of products online in this District; (2) Defendants have

purposefully directed their infringing conduct toward New Jersey residents, which caused and continues to cause harm to Plaintiff (who has places of business in New Jersey); and (3) Defendants purposefully directed their activities toward the District of New Jersey when they willfully infringed Plaintiff's intellectual property rights, knowing that Plaintiff has a principal place of business in this District.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 & 1400 in that Defendants have committed acts of infringement in this district and are subject to personal jurisdiction in this District.

## FACTS COMMON TO ALL COUNTS

8. Nourison is a leading designer, producer and importer of high quality floor coverings in the United States and has been in business for more than 30 years.

9. Nourison has developed and created numerous rug designs, often as part of named collections, over the course of many years and holds hundreds of U.S. Copyright Registrations for many of its rug designs.

10. Nourison's original rug designs, which are (and have been) sold throughout the United States and within this district, are the lifeblood of Nourison's business. Indeed, it is the novelty, quality, and distinctiveness of its designs that sets Nourison apart from its competitors.

11. One such rug collection created by Nourison is sold under the "Aloha" brand name.

12. Among the rug designs in the Aloha collection created and designed by Nourison is the ALOHA ALH05 GRE design (the "Aloha Design"), created in or about April 2014, which is the subject of this suit. An image of the Aloha Design is included in **Exhibit A**.

13. The Aloha Design constitutes an original work of authorship and copyrightable subject matter under the laws of the United States, 17 U.S.C. § 101 et seq. Nourison is the owner of record of the Aloha Design and owns all right, title and interest therein necessary to independently bring the instant action.

14. Nourison has complied in all respects with the provisions of the copyright law of the United States and has secured all of the rights and privileges in and to the Aloha Design (as well as the copyright therein) necessary to independently bring the instant action.

15. Nourison has duly registered its copyright in the Aloha Design with the U.S. Copyright Office and is the owner of U.S. Copyright Reg. No. VA 2-111-646 for the Aloha Design.

16. All copies of the work have been sold in conformity with the provisions of the copyright law of the United States and Nourison has fully complied in all respects with the provisions of the U.S. Copyright Act with respect to the Aloha Design.

17. At all times since it created the Aloha Design, Nourison has been, and still is, the exclusive holder of all rights, title and interest in and to the copyright therein.

**Defendants' Infringing Activities**

18. Well Woven imports, distributes, and sells floor coverings throughout the United States directly through its website at https://shop.wellwoven.com, and through third-party retailers such as Walmart, Wayfair, and Home Depot, who offer Well Woven's rugs for sale to the general public through their online outlets.

19. Upon information and belief, Defendant Ogunc is an officer or director of Defendant Well Woven.

20. Upon information and belief, DOES 1-10 are manufacturers, vendors, and/or other parties who have supplied, manufactured and/or otherwise contributed to the unauthorized sale of products incorporating Nourison's original Aloha Design without Nourison's knowledge or consent.

21. Like Nourison, Well Woven offers groups of floor covering designs in collections. One such collection is the "Dorado Collection."

22. Upon information and belief, Well Woven has offered for sale two rugs in its Dorado collection under the names "Monica Rust Modern Indoor Outdoor Rug" and "Monica Blue Modern Indoor Outdoor Rug" each of which are nearly identical or substantially similar copies of Nourison's Aloha Design, except for variations in color, and therefore infringe Nourison's copyrights in such designs (the "Infringing Products").

23. Each Infringing Product is offered in a 5'3" x 7'3" size, which retails for approximately $79.00, and in a 7'10" x 9'10" size, which retails for approximately $159.00.

24. Images of the Infringing Products and the packing insert for the Monica Rust version are attached as **Exhibit B**. A side-by-side comparison of the Aloha Design and the Infringing Products is below:





**Nourison's Aloha Design**     **WW's Monica Rust**     **WW's Monica Blue**

25. In or around July 2018, Plaintiff Nourison became aware that Defendants were selling the Infringing products on various online retail sites, including Walmart.com, Wayfair.com, Homedepot.com, Ruglots.com, and on retail websites owned and operated by Defendants, including shop.wellwoven.com.

26. In or around July 2018, Plaintiff Nourison notified Defendant Ogunc that the Infringing Products infringed Nourison's exclusive rights in the Aloha Design. Despite being on notice of infringing conduct, Defendants have continued with their infringing conduct.

27. Upon information and belief, Defendants had access to Nourison's Aloha Design prior to reproducing, manufacturing, distributing, marketing, and selling the Infringing Products.

28. Upon information and belief, at all times relevant hereto, Defendants have had full knowledge of Nourison's ownership of its designs, including Nourison's exclusive right to use such intellectual property.

29. Upon information and belief, Defendants are engaging in their unlawful and infringing activities knowingly, willfully, and intentionally or with at least reckless disregard or willful blindness to Nourison's rights in its designs.

30. Upon information and belief, Defendants' actions have caused damage and irreparable harm to Nourison. Unless Defendants are compelled to discontinue these actions by the Court, Nourison will continue to suffer such damage and irreparable harm.

31. Nourison has no adequate remedy at law.

## COUNT I
## Copyright Infringement under 17 U.S.C. § 101 *et seq.*; 17 U.S.C. § 501 *et seq.*

32. Plaintiff repeats and realleges by reference each and every allegation contained in the paragraphs above as if fully set forth herein.

33. This cause of action arises under the Copyright Laws of the United States, Title 17 United States Code. This Court has original jurisdiction over this claim pursuant to 28 U.S.C. §1338(b).

34. Nourison's rug designs consist of material which is wholly original and is copyrightable subject matter under the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq*.

35. Nourison's Aloha Design has never been dedicated to the public.

36. Nourison has duly complied with the provisions of the Copyright Laws of the United States and has secured rights and privileges in and to said rug designs (including U.S. Copyright Registration No. VA 2-111-646), such copyright being valid and subsisting, and Nourison is the current sole owner of same.

37. Nourison has never assigned, licensed, or otherwise transferred any of these rights, including its copyrights, to the Defendants; nor has Nourison ever authorized the Defendants to copy, distribute, or license the Aloha Design.

38. Defendants have directly, vicariously, and/or contributorily infringed Nourison's rights to the rug design protected by U.S. Copyright Registration No. VA 2-111-646 by reproducing, selling, manufacturing, publishing, displaying, vending, distributing, promoting and/or advertising unauthorized copies of the Aloha Design without the permission or consent of Nourison in violation of 17 U.S.C. § 501 *et seq*.

39. Defendants either directly or indirectly, copied Nourison's rug designs for their own commercial gain to the unjust exclusion of Nourison.

40. Upon information and belief, Defendants knew or should have known that their acts constituted copyright infringement.

41. As an officer or director of Defendant Well Woven who knew or should have known that his acts constituted copyright infringement, Defendant Ogunc is personally liable, jointly and severally, for said infringement.

42. Nourison has been damaged by Defendants' conduct, including, but not limited to economic losses in a monetary amount as yet unknown, but to be determined according to proof. Nourison continues to be damaged by such conduct and has no adequate remedy at law to compensate Nourison for all the possible damages stemming from Defendants' conduct.

43. Defendants have been put "on notice" that Nourison considers the continued sale and use of Nourison's rug designs to be an infringement of its copyright rights. Notwithstanding this fact, Defendants have declined to cease their infringing activities. Accordingly, Defendants' activities must be deemed to be willful and wanton.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests entry of judgment against Defendants finding as a matter of law and fact as follows:

A. Defendants have willfully infringed Plaintiff's rights in the copyrighted design of the Aloha Design.

B. Defendants, their directors, officers, agents, servants, employees, attorneys, representatives, successors and assigns and all persons, firms, companies or corporations in active concert or participation and or affiliation with them, including any and all third-party manufacturers, suppliers, and distributors who receive actual notice of the Order or Judgment by any method:

> 1. be enjoined preliminarily and permanently from infringing the copyrights of Plaintiff by selling, manufacturing, publishing, displaying, vending, distributing, promoting and/or advertising any copies of rugs or other products which

infringe Plaintiff's copyrights, or causing and/or participating in such selling, manufacturing, publishing, displaying, vending, distributing, promoting and/or advertising of such rugs;

    2.    be permanently enjoined and restrained from copying, reproducing, using, selling, manufacturing, or creating derivative works based upon the Aloha Design or any design substantially similar thereto; and

    3.    be ordered to surrender to Plaintiff, or destroy and certify to such destruction, all Infringing Products or other rugs or materials in its possession, custody or control displaying, copying, and/or bearing the Aloha Design or any design substantially similar thereto.

C.    Defendants be ordered to send written notice, approved by the Court, to each licensee, manufacturer, supplier, distributor, wholesaler, retailer, or any other party who manufactured or sold the Infringing Products, or manufactured or sold other rugs bearing the Aloha Design, with a copy of each such written notice to be furnished to Plaintiff:

    1.    requesting that the recipient surrender to Plaintiff, or to destroy and certify to such destruction, all Infringing Products in its possession, custody or control; and

    2.    advising the recipient that pursuant to the judgment of this Court, Defendants have been enjoined from copying, reproducing, using, selling, manufacturing, advertising, or promoting copies of the Aloha Design.

D.    Defendants destroy all materials, documents, catalogues, or advertisements bearing the Aloha Design or displaying the Infringing Products in Defendants' possession, custody and control pursuant to 17 U.S.C. § 503.

E.    Defendants remove all webpages, web links, photographs or advertisements bearing the Aloha Design or the Infringing Products from any website that it controls or contributes to.

F.    Defendants be required to pay all profits realized by Defendants as a result of its

unlawful infringing acts as complained of herein pursuant to 17 U.S.C. § 504.

G. Defendants be required to compensate Plaintiff for all actual damages suffered as a result of Defendants' unlawful infringing acts complained of herein pursuant to 17 U.S.C. § 504.

H. Defendants be required to compensate Plaintiff for all costs incurred in this civil action, including reasonable attorneys' fees and expenses, investigatory fees, and pre-judgment interest.

I. Defendants file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after the entry of the judgment, a report under oath setting forth in detail the manner in which Defendants have complied with such judgment.

J. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, pursuant to Fed.R.Civ.P. 38, demands trial by jury on all issues triable to a jury.


Dated: August 14, 2018  
White Plains, New York

Respectfully Submitted,

LEASON ELLIS LLP

_____  
Henry Gabathuler (HG 6543)  
Bar I.D. No. 037802007  
Peter T Busch  
Bar I.D. No. 174142015  
One Barker Avenue, Fifth Floor  
White Plains, NY 10601  
Tel: (914) 288-0022  
Fax: (914) 288-0023  
Email: Gabathuler@leasonellis.com  
Email: Busch@leasonellis.com

*Attorneys for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated: August 14, 2018

                                                s/ Henry Gabathuler
                                                Henry Gabathuler
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax:  (914) 288-0023

*Attorneys for Plaintiff*